WEIMER, J.,
dissenting.
It Like Justice Crichton’s view, and as a matter of prudent court practice, I disagree with recalling the writ. I have previously explained:
In the past, I have voted to recall writs, but I have come to the conclusion this is a poor practice. See State v. Crandell, 05-1060 (La. 3/10/06), 924 So.2d 122 (Weimer, J., dissenting: “[A]f-ter having granted the writ, the unique facts and circumstances of this case dictate that we should resolve this matter on the merits.”). As a more recent example of my view, see Davis v. Prescott, 13-0669 (La. 11/5/13), 130 So.3d 849, 851 (Weimer, J., dissenting: “I respectfully dissent from the majority’s decision to recall the writ. Having granted the writ, I would resolve this case on the merits based on the issues and the record before this court.”).
George v. Dugas, 16-0710, p. 2 n.1 (La. 11/7/16), 203 So.3d 1043, 1043 n.1 (Weimer, J., dissenting).
Regarding the merits, I agree with the appellate court’s analysis related to the liability determination. Particularly, I agree that the testimony of the plaintiffs expert was “scientifically underwhelming” (Mitchell v. State, Dep’t of Transp. & Dev., 50,432, p. 14 (La.App. 2 Cir. 3/23/16), 193 So.3d 152, 161, reh’g denied (5/12/16), writ granted, 16-1097 (La. 10/12/16), 207 So.3d 1061); thus, his testimony lacked credibility. I would affirm the decision of the court of appeal on liability.
Accordingly, I respectfully dissent.
Hughes, J., dissents for the reasons assigned by Crichton, J.